UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13024-GAO

ALLEN MEDICAL SYSTEMS, INC.,
Plaintiff,

v.

SCHUERCH CORPORATION, d/b/a SCHUREMED,
Defendant.

ORDER
May 26, 2016

O'TOOLE, D.J.

In his 2015 report on the Federal Judiciary, Chief Justice Roberts focused on the amendments made to the Federal Rules, describing them as a "big deal." Chief Justice John G. Roberts, Jr., 2015 Year-End Report on the Federal Judiciary 5 (2015). He emphasized in particular that "lawyers—though representing adverse parties—have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes." Id. at 6; see also Fed. R. Civ. P. 1. In describing the court's role in case management, albeit with respect to in-person conferences, he observed how a "well-timed scowl from a trial judge can go a long way in moving things along crisply." 2015 Year-End Report at 7. Consider this Order the Court's "well-timed scowl."

On February 19, one week before the scheduled hearing on the defendant's motion for summary judgment, the plaintiff filed a motion to compel, together with 153 pages of supporting materials.[1] By its motion, the plaintiff seeks assorted relief from the Court, including requiring the defendant to amend its responses to the plaintiff's requests for production of documents, to "certify" various purported facts, and to produce a privilege log, its document retention policy, and responsive documents within a specified time frame. The bulk of the motion appears largely moot: the defendant reports that it produced its document retention policy, it is still in the midst of its document production process, it produced a preliminary privilege log and intends to produce a complete log shortly after the completion of document production, and it intends to supplement its responses to the plaintiff's requests for production.

On May 10, the defendant filed a motion to compel, together with 147 pages of supporting materials. By its motion, the defendant does not seek redress for a purported discovery violation. Rather, it <u>anticipates</u> that the plaintiff will not comply with its discovery obligations and requests the Court to order the plaintiff to do so by a specific date. According to the plaintiff's response, the plaintiff has confirmed its agreement with the timeline on multiple occasions and intends to comply.

Quite simply, despite the volume of pages filed by counsel and the not insignificant amounts likely billed to their clients, there appears no dispute for the Court to resolve. Both motions are DENIED. Counsel for both parties are reminded of their obligation under the Federal Rules to work <u>cooperatively</u> to "secure the just, speedy, and inexpensive determination" of this

---

[1] According to the defendant, the plaintiff had not yet produced a single page when it filed its motion.

action and its proceedings.[2] Fed. R. Civ. P. 1; see also L.R. 7.1 (requiring counsel to confer and attempt in good faith to resolve or narrow an issue before requesting relief from the court); id. 37.1 (same).

It is SO ORDERED.

                                                            /s/ George A. O'Toole, Jr.  
                                                            United States District Judge

---

[2] Any future motion shall include a Rule 7.1 certification that details, with specificity, the efforts by counsel to resolve the matter without court intervention, including the dates and length of each meeting or telephone call.